CATHERINE CORTEZ MASTO
Attorney General
RAELENE K. PALMER
Deputy Attorney General
Nevada Bar No. 8602
Office of the Attorney General
Public Safety Division
555 E. Washington Ave., Suite 3900
Las Vegas, NV 89101
Telephone:  (702) 486-3420
Fax: (702) 486-3773
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| LESHON JORDON, | Case No. 2:11-cv-00787-PMP-CWH |
|---|---|
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO DISMISS ACTION** |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | |

COME NOW, Plaintiff LESHON JORDON (incorrectly captioned, "LeShon Jordon") and Defendants HOWARD SKOLNIK and BRUCE BANNISTER, and hereby agree as follows:

1.      The above entitled action shall be dismissed with prejudice; and

2.      The parties shall bear their own costs and fees.

The grounds for this stipulation are as follows:   both parties have reached an agreement on this and another pending state case.

. . .

. . .

. . .

1     **IT IS SO STIPULATED ON THIS** ⟨23⟩ **DAY OF OCTOBER 2011.**

2

3     Plaintiff, *Pro Se*                CATHERINE CORTEZ MASTO
                                       Attorney General

4                                           By:

5

6     **LESHON JORDAN**                      **RAELENE K. PALMER**
    1415 N. Country Club Drive            Deputy Attorney General

7     Apt. 3095                              555 East Washington #3900
    Mesa, AZ 85201                       Las Vegas, NV 89101

8                                           *Attorney for Defendants*

9

10

11                               **IT IS SO ORDERED**

12                               **THIS** _ 8th day of December, 2011.

13

14

15                               **DISTRICT COURT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

# Exhibit A

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") was made on October 14, 2011, by and between LESHON JORDAN ("PLAINTIFF") and HOWARD SKOLNIK, DR. BRUCE BANNISTER, DWIGHT NEVEN, JOYCE DAVIS, CYNTHIA SABLICA, and DR. ROMEO ARANAS, state of Nevada, and Nevada Department of Corrections, ("DEFENDANTS"). Hereinafter, these individuals may, from time to time, be referenced collectively as the "Parties." The Agreement is made and entered into with reference to the following facts:

### RECITALS

A.       WHEREAS this settlement agreement is for U.S. District Court Case No. 2:11-cv-00787-PMP-CWH, captioned *Jordon v. Skolnik, et al.*; and Eighth Judicial District Court of the State of Nevada Case No. A-10-625230-C, captioned *Jordan v. Warden Neven, et al.* (collectively "the Actions"). All claims, counterclaims, cross claims, and third party claims which actually were or could have been pled in the Actions, by or against Plaintiff or any of the Defendants, are encompassed and settled by this Agreement.

B.       WHEREAS both sides of the Actions have expended significant amounts of monies and resources in prosecuting and defending the above-referenced actions. Having evaluated the cases, the Parties acknowledge that risks exist on both sides were these matters to proceed to trial and/or in appeal and that additional expenses would be incurred in preparation for such.

C.       WHEREAS the Parties believe it to be in their respective best interests to resolve and terminate the controversies between them *with prejudice* and to avoid further costs of litigation including further costs of trial and/or appeal.

D.       WHEREAS the Parties have settled and compromised their disputes and differences based upon and subject to the terms and conditions set forth herein.

E.       NOW, THEREFORE in consideration of the mutual promises set forth in this Agreement and other valuable consideration, the receipt and sufficiency of which is hereby described and acknowledged, the Parties agreed to perform each of the terms and conditions as stated herein, and to abide by the terms of this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, agreements, and representations contained in this Agreement, and other valuable consideration, the Parties hereto agree as follows:

1.       Monetary Payment

DEFENDANTS shall issue and deliver to PLAINTIFF a settlement draft payable to LeShon Jordan in the amount of $300.00.

2.       Settlement Actions

PLAINTIFF shall execute stipulations and orders dismissing the Actions *with prejudice*, and the Parties shall bear their own attorney's fees and costs. Upon satisfaction of Paragraph (1) above, DEFENDANTS will file the stipulations and orders with the courts. PLAINTIFF agrees

1

to file no action in any court, against the State of Nevada or any of its former or current employees that arose or arises from the facts and circumstances surrounding the Litigation.

3.    Mutual Release

In consideration for delivery of the monetary payment and settlement actions, as set forth above, PLAINTIFF does hereby, for himself, his respective representatives, heirs, executors, administrators, family, successors, assigns, officers, partners, employees, agents, attorneys, and attorneys-in-fact, fully and irrevocably and unconditionally forever release and discharge DEFENDANTS, the state of Nevada and all of its legal representatives, heirs, successors, assigns, agencies, divisions, departments, boards, commissions, political subdivisions, legislators, officials, members, agents, contractors, officers, and employees, of any kind or nature whatsoever, from any and all actions, suits, causes of action, claims, claims for relief, and proceedings, of any kind or nature whatsoever, federal or state, at law or in equity, known or unknown, which PLAINTIFF has, or may have, regarding the facts and circumstances surrounding the Litigation;

This Agreement includes legal services or liens of any other kind whatsoever, whether actual or asserted, present or prospective; any claims causes of action for attorney's fees, interest and costs incurred; and any rights, claims, or interests in causes of action, whether actual or asserted, present or prospective.

This Agreement and Release is effective the date it is executed by the parties hereto.

It is understood and agreed that this Agreement is in compromise of disputed claims, and that it is not to be construed as an admission of fault, negligence, liability, or wrongdoing on the part of any party to it.  Neither PLAINTIFF nor DEFENDANTS purport to be the prevailing party in the litigation in Case No. 2:11-cv-00787-PMP-CWH or Case No. A-10-625230-C.

4.    Further Assurances

The Parties agree to perform or procure the performance of all further acts and things, and execute and deliver or procure the execution and delivery of such further documents, as may be required by law or as the other Parties may reasonably require to implement or give effect to this Agreement and the transactions contemplated by it.

5.    Litigation Bar

The Parties agree this Agreement may be pled as a full and complete defense to, and may be used as a basis for an injunction against, actions, suits, or other proceedings which may be instituted, prosecuted, or attempted by or on behalf of a Party hereto in breach of this Agreement. If any party breaches any provision of this Agreement, the non-breaching party shall be entitled, in addition to any damages caused by reason of any such breach, to an award of attorney's fees and costs reasonably incurred in instituting, prosecuting, or defending any action or suit resulting from a breach of this Agreement.

6.    No Assignment or Transfer of Claims

The Parties, and each of them, represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any of the claims or causes of action, including those asserted in the Action, any portion thereof, or any interest therein.

2

7.    Superseding Effect

This Agreement supersedes all prior negotiations and understandings of any kind with respect to the subject matter hereof and contains all of the terms and provisions of the agreement between the Parties hereto with respect to the subject matter hereof.   There are no oral understandings, statements, or stipulations bearing upon the effect of this Agreement that have not been incorporated herein.   This Agreement shall not be amended, supplemented, or abrogated other than by a duly executed written instrument between the Parties hereto.   No breach of any provision of this Agreement can be waived, unless in writing.   Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

8.    Entire Agreement

This Agreement constitutes the entire, complete, sole, and only understanding of, by and between the PLAINTIFF and DEFENDANTS, pertaining to and concerning the subject matter of the Actions.   There are no independent, collateral, different, additional, or other understandings or agreements, oral or written, or obligations to be performed, things to be done, or payments to be made; furthermore, no promise, inducement, or consideration, other than the delivery of the settlement drafts as the monetary payment to PLAINTIFF and the settlement actions referenced in enumerated paragraphs (1) and (2) above, has been made or agreed upon by or on behalf of the Parties.   The Agreement may only be modified by written agreement signed by all Parties hereto.

9.    Good Faith Agreement

This Agreement is the result of arms-length negotiations through protracted settlement discussions among the Parties.   Accordingly, the parties herein represent that said settlement between the parties is made in good faith based on consideration of the continuing risks and costs involved in the litigation and to bring an end to the matters.

10.    Binding Effect

This Agreement shall inure to the benefit of the Parties and their respective successors, assigns, officers, partners, employees, agents, attorneys, and personal representatives.

11.    Counterparts

This Agreement may be executed in counterparts, all of which when taken together shall constitute one and the same instrument.

12.    Governing Law

This Agreement shall be governed by and interpreted and construed in accordance with the laws of the State of Nevada.   The respective courts shall retain jurisdiction to enforce the terms of this Agreement, if necessary.

13.    Severability

The Parties agree that should any provision of this Agreement be declared or determined by any court to be illegal, invalid, or unenforceable, the remainder of the Agreement shall nonetheless remain binding and effective.

3

14. Representation by Counsel

PLAINTIFF and DEFENDANTS represent and agree that they fully understand their right to discuss this Agreement with an attorney; that to the extent, if any, they so desired, they have availed themselves of this opportunity; that they have carefully read and fully understand all of the provisions of this Agreement; and that the Parties are voluntarily entering into this Agreement upon the advice of counsel with full understanding of its legal consequences.

15. Interpretation

The PLAINTIFF and DEFENDANTS acknowledge it is their respective intention that this Agreement be interpreted as if drafted cooperatively by counsel representing the Parties to this Agreement and that for purposes of subsequent interpretation, this Agreement shall be treated as if drafted equally by each Party and shall not be interpreted against either one Party or the other.

The Parties enter into this Agreement by affixing their signatures, and the undersigned hereby acknowledge that they have the authority to enter into this Agreement. The Parties acknowledge that Sheryl Foster, Deputy Director of Nevada Department of Corrections, is signing on behalf of all DEFENDANTS and that her signature has the same weight and effect as if each individual DEFENDANT signed this agreement.

READ AND SIGNED this 21 day of October, 2011.

By: _LeShon Jordan_____
        LeSHON JORDAN
        Plaintiff

STATE OF ARIZONA        )
                        ) ss:
COUNTY OF MARICOPA      )

This instrument has been acknowledged before me this 21 day of October, 2011, by LESHON JORDAN, Plaintiff.

_____
NOTARY PUBLIC in and for
said County and State

4

READ AND SIGNED this 18ᵗʰ day of October, 2011.

By: _____
       SHERYL FOSTER
       Deputy Director of Nevada Department of
       Corrections on behalf of all Defendants

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK     )

This instrument has been acknowledged before me this 18ᵗʰ day of October, 2011, by SHERYL FOSTER, Deputy Director, Nevada Department of Corrections.

_____
NOTARY PUBLIC in and for
said County and State

> CYN KELLER
> Notary Public State of Nevada
> No. 03-79582-1
> My appt. exp. Jan. 16, 2015

Approved as to form and content:

DATED this 18ᵗʰ day of October, 2011.

CATHERINE CORTEZ MASTO
Attorney General

By: _____
       RAELENE K. PALMER
       Deputy Attorney General
       Nevada State Bar No. 8602
       STATE OF NEVADA
       OFFICE OF THE ATTORNEY GENERAL
       555 East Washington Avenue, Suite 3900
       Las Vegas, Nevada 89101
       *Attorneys for Defendants*

Image Viewer                                                                    Page 1 of 1

**Bank of America.**

| Control Panel | | |
|---|---|---|
| zoom | O | O |
| rotate | O | O |
| contrast | O | O |
| brightness | O | O |
| sharpen | O | O |
| front/back | O | O |
| invert | O | O |

view front and back
revert to original



**Check Info**

| Account#: | 480121282 |
|---|---|
| Amount: | 300.00 |
| Check #: | 5612154 |
| Posted Date: | 11/02/2011 |

**Electronic Endorsements**    show details

11/01/2011    **WELLS FARGO BANK, NA (BOFD)**

11/02/2011    BANK OF AMERICA, NA

**BOFD - Bank of First Deposit**

🔒 **Secure Area**

Bank of America, N.A. Member FDIC.
⑥2005 Bank of America Corporation. All rights reserved.